# Thomas Houston, plaintiff in error, *vs.* the United States, defendant in error.

## Same *vs.* Same.

### *Earor to Washington.*

A person recognized to appear at the Distrtct Court to answer, &c., is subject to the costs of the recognizance, although no prosecutor appears.

The defendant in error was bound over in two cases, to keep the peace, and to appear at the next term of the District Court of Washington county, on the complaint of Henry C. Mott, for threatening to shoot said Mott, &c. At the June term, 1842, Houston appeared in court by his attorney, but Mott, the prosecuting witness, failed to make his appearance, nor did any other witness appear, to have said Houston continued under recognizance. Thereupon the court ordered Houston to be discharged from his recognizance, and that he pay the costs of the proceeding, and judgment was rendered accordingly. For this the defendant below, seeks to reverse the judgment.

BATES & HARRISON, for plaintiff in error, assigns:

1. The court ought not to have rendered judgment against said defendant, when he was discharged, and the prosecuting witness did not appear against him.

2. The court erred in rendering judgment for costs against said defendant.

3. The court should have proceeded to investigate the matter by hearing testimony, or else discharged the defendant without costs.

4. And for other errors appearing from the papers and proceedings.

J. P. CARLETON, for the United States.

BY THE COURT, MASON, CHEIF JUSTICE.—The plaintiff in error, was bound over in two cases to keep the peace, and appear at the next term of the District Court of Washington county. He appeared accordingly, and no prosecutor appearing against him, he was discharged upon payment of costs. His counsel contends that the judgment for

costs against him, was erroneous, and that the District Court had no power, without an investigation, to render such judgment. We think otherwise. The District Court had a right to presume that the plaintiff in error, had been justly bound over by the justice of the peace. If so, he ought to pay the costs of the proceeding. The prosecutor was not bound to appear at the District Court, unless he wished the recognizance to be continued. We see no error below, and the judgment will therefore be affirmed.